UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEREASE L. IRONS,

    Plaintiff,

v.                                              Case No. 5:22-cv-113-TKW/MJF

RICKY DIXON, *et al.*,

    Defendants.
_____/

## ORDER

This matter is before this court on Plaintiff's first amended complaint. Doc. 11. Because his first amended complaint suffers from several defects, this court will provide Plaintiff one opportunity to supplement and clarify his allegations in a second amended complaint.

### I. BACKGROUND

On September 15, 2022, Plaintiff, a prisoner proceeding *pro se*, filed a first amended complaint. Doc. 11. Plaintiff is suing seven defendants, all of whom are related in some capacity to the Florida Department of Corrections ("FDC") or the Gulf Correctional Institution ("GCI"). *Id.* at 2-5. He is suing Defendants in their official and individual capacities. *Id.*

Plaintiff's allegations center around Defendants' alleged failure to investigate properly Plaintiff's claims that he "had multiple contract hits on his life" and to

ensure that Plaintiff was placed in protective management. *Id.* at 7, 12, 13. Plaintiff alleges that on January 6, 2022, he was stabbed by another inmate, a "known Blood gang member," because of Defendants' alleged failures. *Id.* at 16.

After the stabbing, Plaintiff alleges that no one offered him "psychological or medical treatment." Doc. 11 at 27. Then, in August 2022, a psychologist allegedly diagnosed Plaintiff with post-traumatic stress disorder, which resulted from the January 6, 2022 stabbing. *Id.* at 28. Plaintiff alleges that because he suffers from PTSD and remains in general population, he is unable to participate in "services, activities, [and] programs" provided by the FDC. *Id.* at 29.

Plaintiff asserts an Eighth-Amendment failure-to-protect claim, a "negligent failure to protect" claim; a claim under the Americans with Disabilities Act of 1990; and a claim under the Rehabilitation Act of 1973. *Id.* at 35-36. He requests declaratory relief, injunctive relief, and an unspecified amount of compensatory and punitive damages. *Id.* at 39-40.

## II. STANDARD

Plaintiff is a prisoner, so the court must review his complaint, identify cognizable claims, and dismiss the complaint, or any portion thereof, if it is frivolous, is malicious, fails to state a plausible claim for relief, or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a)-(b); *see id.* § 1915(e)(2)(B) (same for *in forma pauperis* proceedings).

A court should dismiss a claim that is not supported by factual allegations, accepted as true, which allow the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). Factual allegations that merely suggest the possibility that the defendant acted unlawfully are insufficient. *See Twombly*, 550 U.S. at 555. A court also should dismiss a claim "when its allegations, on their face, show that an affirmative defense bars recovery on the claim." *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003); *Jones v. Bock*, 549 U.S. 199, 215 (2007); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1022 (11th Cir. 2001).

### III. DISCUSSION

Plaintiff's first amended complaint suffers from several defects, **only some of which are discussed below**.

A. <u>**Plaintiff's Complaint Violates the Local Rules**</u>

Under the Local Rules of the United States District Court for the Northern District of Florida, a *pro se* prisoner-plaintiff must use the court-approved complaint form in a civil-rights case. N.D. Fla. Loc. R. 5.7(A) (defining a "civil-rights case" as a case that asserts claims under the Constitution). Additionally, absent court authorization, a complaint, including any attachments, must not exceed 25 pages. *Id.* 5.7(B).

Plaintiff's first amended complaint violates the Local Rules in two respects.

First, Plaintiff did not use the court-approved form. Instead, Plaintiff created a modified version of the court-approved form, in which several portions of the court-approved form have been rearranged or condensed. *See* Doc. 11 at 5-6, 40-42.

Second Plaintiff's first amended complaint, including attachments, is 49 pages, which far exceeds the 25-page limitation. Doc. 11 at 1-49. As this court noted in a related order, many of Plaintiff's allegations are repetitious, irrelevant, or both, and he need not attach exhibits to state a plausible claim for relief. Doc. 15 at 2-3.

If he elects to file a second amended complaint, Plaintiff **must use the court-approved complaint form**. He should not modify the court-approved form in any way. Plaintiff also **must ensure that any amended complaint he files, including attachments, does not exceed 25 pages**.

B.  **Plaintiff's Prior Litigation**

In responding to questions regarding his prior litigation, Plaintiff equivocated. When asked if he had had any case in federal court dismissed as frivolous, as malicious, for failure to state a claim, or prior to service, Plaintiff responded "No – Not to the best of my knowledge/understanding." Doc. 11 at 41. Additionally, when asked if he had filed other actions challenging his conviction or relating to the conditions of his confinement, he identified one case and stated that he "does not remember other litigation nor does he have possession of prior litigation." *Id.* at 5.

If he elects to file a second amended complaint, Plaintiff **must set forth his entire litigation history**. If Plaintiff does not have sufficient records of the cases he has filed, he must contact the relevant court(s) to determine those cases, so that he can make a full, complete, and honest accounting of them, including whether any case was dismissed as frivolous, as malicious, for failure to state a claim, or prior to service. Plaintiff should retain a copy of the inquiry letter—and any responses he receives—as evidence that he has made a reasonable, good-faith effort to discover and disclose his litigation history.

### IV. VOLUNTARY DISMISSAL OR AN AMENDED COMPLAINT

Plaintiff should consider carefully the defects in his first amended complaint, **only some of which are identified above**. He also should weigh the likelihood of success and the consequences of not being a prevailing party in this action.

The prevailing party will be entitled to recover costs. *See* Fed. R. Civ. P. 54(d); 28 U.S.C. § 1920.[1] **If Defendants prevail, for example, they are entitled to recover from Plaintiff the costs of defending this lawsuit. A court can award costs to defendants even if a plaintiff is proceeding *pro se* or has no money**. *See Smith v. Sec'y, Fla. Dep't of Corr.*, 696 F. App'x 944, 953-54 (11th Cir. 2017) (affirming award of $5,371.13 in costs against indigent *pro se* prisoner-plaintiff who

---

[1] The costs that a court may award under Rule 54 are limited to those specified in 28 U.S.C. § 1920: costs for clerk and marshal fees; transcript fees; witness and copying fees; docket fees; and compensation for court-appointed experts and interpreters.

did not prevail after a trial); *Smith v. Sec'y, Fla. Dep't of Corr.*, 598 F. App'x 738, 738-39 (11th Cir. 2015) (affirming an award of $671.67 in costs against an indigent *pro se* prisoner-plaintiff after corrections officer prevailed on summary judgment). It is important that litigants assess their likelihood of success and the consequences of a loss.

In light of the obvious defects in his claims, Plaintiff must ask himself: "Can I allege sufficient facts in an amended complaint to state a cause of action under the relevant law?" If Plaintiff does not have a good-faith belief that he can state a facially plausible claim, **he should file a notice of voluntary dismissal**.

On the other hand, if Plaintiff chooses to proceed with this action, he must:

1. fill out completely a new civil-rights complaint form;

2. mark the complaint as his "**Second Amended Complaint**";

3. place each defendant's name in the style of the case on the first page of the complaint form;

4. as to each defendant, specify whether Plaintiff is suing each defendant in his individual or official capacity;

5. in the "Statement of Facts" section, clearly describe how each named defendant was involved in the alleged violation;

6. use **short separately-numbered paragraphs, limited as far as practicable to a single set of circumstances**, to set forth allegations as to each defendant named in the second amended complaint;

7. include specific dates and times of their alleged acts;

8. delete or drop a defendant from his second amended complaint if Plaintiff cannot state exactly how that particular defendant harmed him;

9. in the "Statement of Claim" section, state what rights under the Constitution, the laws of the United States, or state law have been violated, and provide support in the statement of facts for the claimed violations;

10. use headings to separate multiple claims (for example: **Count One: Eighth-Amendment Failure-to-Protect Claim Against [list the relevant defendants]**);

11. under the heading of each claim, list, in numbered paragraphs, **all of the facts that are relevant to the particular claim**, and **only those facts that are relevant to the particular claim**;

12. **type or clearly write** the text of his second amended complaint, as this court cannot consider allegations that the court cannot read; and

13. include in the demand for relief only what is permitted under the relevant law.

Plaintiff also is advised that his second amended complaint must contain all of the allegations he would like to present, because once an amended complaint is filed, all earlier complaints and filings are disregarded and matters not set forth in the amended complaint are deemed to have been abandoned. N.D. Fla. Loc. R. 15.1; *see Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

### V. CONCLUSION

Accordingly, it is **ORDERED**:

1. The clerk of the court shall send to Plaintiff a civil-rights complaint form for use by prisoners in actions under 42 U.S.C. § 1983.

2. **On or before November 28, 2022**, Plaintiff shall:

   a. file a notice of voluntary dismissal under Rule 41(a)(1)(A)(i); **or**

   b. file an amended complaint that complies with this order, which shall be **typed or clearly written** and marked as Plaintiff's "**Second Amended Complaint**."

3. Failure to comply with the directions set forth above likely will result in dismissal of this action for failure to comply with an order of the court, failure to prosecute, and failure to comply with the Local Rules.

**SO ORDERED** this 26th day of October, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**