# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA DIVISION

PROVIDED BY
LIBERTY CI

DEC 2 8 2022

FOR MAILING_____

## CIVIL RIGHTS COMPLAINT FORM FOR
## PRO SE PRISONER LITIGANTS IN ACTIONS UNDER
## 28 U.S.C. § 1331 or § 1346 or 42 U.S.C. § 1983

**DEREASE L. IRONS,**
**Inmate ID Number: V35327,**
     Petitioner,

v.

**RICKY DIXON,**
     Defendant.

_____,

_____,

_____,

*(Write the full name of each*
*Defendant who is being sued. If the*
*names of all the defendants cannot*
*fit in the space above, please write*
*"see attached" in the space and*
*attach an additional page with the*
*full list of names. Do not include*
*addresses here.)*

_____/

Case No.: 5:22-CV-113-TKW/MJF

Jury Trial Requested?
[x] Yes        [ ] No

FILED USDC FLND PN
JAN 3 '23 PM3:22

NDFL Pro Se (Revised June 2022) Civil Rights Complaint Prisoner
Clerk Admin Official Forms

1

# I. PARTIES TO THIS COMPLAINT

A.   Plaintiff

Plaintiff's Name: <u>Derease L. Irons</u> ID Number: <u>V35327</u>

List all other names by which you have been known: N/A

Current Institution: <u>Liberty Correctional Institution</u>

Address: <u>11064 N.W. Dempsey Barron Rd., Bristol, Florida 32321</u>

B.   Defendant(s)
State the name of the Defendant, whether an individual, government agency,

organization, or corporation. For individual Defendants, identify the person's

official position or job title, and mailing address. Indicate the capacity in

which the Defendant is being sued. Do this for *each and every* Defendant:

1. **Defendant's Name:** <u>Ricky Dixon</u>

**Official Position:** <u>He is sued in his individual and official capacity. In his official</u>

<u>capacity, he is legally responsible for the overall operations of (FDOC), including</u>

<u>the operations of Florida Department of Corrections facilities, Compliance with the</u>

<u>U.S. Constitution and Federal Laws and the promulgation and enforcement of all</u>

<u>(FDOC) rules, regulations, policies and practices, including, but not limited to,</u>

<u>protecting inmates from security threat groups, A/K/A Gang Members herein this</u>

<u>complaint.</u>

**Employed at:** <u>Florida Department of Corrections</u>

**Mailing Address:** <u>501 South Calhoun Street, Tallahassee, Florida 32399.</u>

[X] Sued in Individual Capacity          [X] Sued in Official Capacity

2. **Defendant's Name:** A. Cochran

**Official Position:**  In this capacity, he is legally responsible for reviewing all inmates appeals for protective management to ensure compliance with (FDOC) rules, regulations, compliance with the U.S. Constitution and acts directly on behalf of secretary Ricky Dixon.

**Employed at:**  Florida Department of Corrections

**Mailing Address:** 501 South Calhoun Street, Tallahassee, Florida 32399.

[X] Sued in Individual Capacity          [X] Sued in Official Capacity

3. **Defendant's Name:** S. Payne

**Official Position:** Defendant, S. Payne is the Warden of Gulf Correctional Institution a (FDOC) facility located at 500 Ike Steele Rd., Wewahitchka, Florida 32465. He is legally responsible for the operations of Gulf Correctional Institution.

**Employed at:**  Florida Department of Corrections

**Mailing Address:** 501 South Calhoun Street, Tallahassee, Florida 32399.

[X] Sued in Individual Capacity          [X] Sued in Official Capacity

4. **Defendant's Name:**  Colonel Ricks

**Official Position:** Defendant, Colonel Ricks is the Colonel at Gulf Correctional Institution a (FDOC) Facility located at 500 Ike Steele Rd., Wewahitchka, Florida

32465. He is the chief of Security at Gulf C.I. and serves on the ICT Committee that recommends if a inmate should be approved for protective management.

**Employed at:** Florida Department of Corrections

**Mailing Address:** 501 South Calhoun Street, Tallahassee, Florida 32399.

   [X] Sued in Individual Capacity         [X] Sued in Official Capacity

5. **Defendant's Name:** T. Gray

**Official Position:** He is the Assistant Warden at Gulf Correctional Institution a (FDOC).

**Employed at:** Florida Department of Corrections

**Mailing Address:** 501 South Calhoun Street, Tallahassee, Florida 32399.

   [X] Sued in Individual Capacity         [X] Sued in Official Capacity

6. **Defendant's Name:** Jane Doe

**Official Position:** Is the classification officer who served on Plaintiff Inmate Classification team to recommend or not recommend protective management for plaintiff and as much was legally responsible for plaintiff's safety. She can be located at 500 Ike Steele Rd., Wewahitchka, Florida 32464.

**Employed at:** Florida Department of Corrections

**Mailing Address:** 501 South Calhoun Street, Tallahassee, Florida 32399.

   [X] Sued in Individual Capacity         [X] Sued in Official Capacity

## II.   BASIS FOR JURISDICTION UNDER 28 U.S.C. § 1331 or § 1346

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

[X] State/Local Officials (§ 1983 *case*)

## III.   PRISONER STATUS

Indicate your confined status:

[ ] Pretrial Detainee         [ ] Civilly Committed Detainee

[X] Convicted State Prisoner   [ ] Convicted Federal Prisoner

[ ] Immigration Detainee      [ ] Other *(explain below):*

## IV.   STATEMENT OF FACTS

Provide a short and plain statement of the ***facts*** showing why you are entitled to relief. Describe how ***each*** Defendant was involved and what each Defendant did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short, numbered paragraphs, limited as far as practicable to a single event or incident. ***Do not make legal arguments, quote cases, cite statutes, or reference a memorandum.***

7. **Defendant's Name:** Jane Doe

**Official Position:** Is a protective management investigator at Gulf C.I. She is legally responsible for investigating cases dealing with protective management and forwarding the evidence as investigation report to the ICT.

**Employed at:** Florida Department of Corrections

**Mailing Address:** 501 South Calhoun Street, Tallahassee, Florida 32399.

[X] Sued in Individual Capacity          [X] Sued in Official Capacity

8. **Defendant's Name:** Nurse Hodges

**Official Position:** Nurse Hodges is employed at Centurion a contracted provider with (FDOC) that provides mental health and medical care and, Nurse Hodges interviews inmates for sick call and determines if the inmate will see the doctor or not and documents assessments on the inmates.

**Employed at:** Florida Department of Corrections/Centurion

**Mailing Address:** 501 South Calhoun Street, Tallahassee, Florida 32399.

[X] Sued in Individual Capacity          [X] Sued in Official Capacity

*All Defendants being sued in their official capacity is for the sole purpose for plaintiff to obtain injunctive relief with the exception of Plaintiff's A.D.A. Claim.*

You may make copies of page 6 if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. Exhibits attached to the complaint will count as part of you page limitation. Therefore, do not attach irrelevant or unnecessary exhibits. Facts not

related to this same incident or issue must be addressed in a separate civil rights complaint.

1.) Plaintiff is a member of a identifiable group (non)- gang member convicted prisoner), which is targeted by gang members, the risk of not separating neutrons and gang members is a serious one that leads to constant, daily violence, threats, intimidation, extortion and sometimes even deaths.

2.) There is a pervasive threat of violence that gang members present to "neutrons"[1] because, unlike gang members, neutrons are unaffiliated and thus have no cohorts to defend them if attacked. Neutrons are essentially aggression sinks", meaning that neutrons are safe targets for gang members to attack, without fear of retaliation.

3.) Defendant's and (FDOC) prison officials have allowed a prevailing atmosphere of violence and terror to fester at Gulf C.I. among other several institutions.

4.) (FDOC) has a informal policy, practice housing gang members with non-gang members, as a general matter, gang members are processed and assigned housing in the same manner as non gang members.

5.) "Neutrons" are not separated from gang members in their housing assignments or in other aspects of prison life.

---

[1] "neutron" - Is a term understood by inmates and prison officials alike to refer to those persons who are not affiliated with any street gang.

Gang members has pervasive control that gang members exercise at (FDOC) institutions, gang members have the sway, to determine who gets meals first, the inmate phones, kiosk and other services and activities that (FDOC) provides.

One of Plaintiff's theories of liability is premised on a substantial risk of serious harm that is systemically created for persons who were "neutrons" (like Plaintiff Irons) by exposing them to gang members.

On or about December 8th, 2021, Plaintiff was interviewed by Def. Jane Doe who is a protective management investigator at Gulf C.I.

During the PM Interview Plaintiff informed Def. Jane Doe with sufficient detailed information as to why he had contract hits on his life and who were the present threats of danger to him.

Plaintiff Informed Def. Jane Doe that on or about 11-23-21 that his confinement roommate inmate Riley had gotten into a fight and inmate Riley bit Plaintiff on the arm, and that inmate Riley was asking the confinement orderly and other confinement inmates for a prison knife. So that he could stab plaintiff.

Plaintiff informed Def. Jane Doe PM Investigator that several inmates in H-dorm wing one heard inmate Riley and other gang members talking about Plaintiff and how he would be "wet up" upon his release from confinement.

Def. Jane Doe PM investigator failed to conduct any meaningful investigation, did not document/photograph plaintiff injuries, and intentionally did

not interview plaintiff requested witnesses and evidence, other witnesses, her investigation was nothing more than a perfunctory sham investigation.

Def. T. Gray, Colonel Ricks and Jane Doe classification Ofc. was the (ICT) who is responsible for reviewing Plaintiff need for protection.

On or about 12-15-22 plaintiff provided detailed information explaining the hit on his life and the current situation he was presently in placing his life in danger.

Def. T. Gray, Colonel Ricks and Jane Doe classification Ofc. review of Plaintiff need for protection was a perfunctory sham review, and all acted with malicious intent towards Plaintiff need for safety. Defendants demeanor, attitude, and questions showed that they could careless about Plaintiff need for safety.

Def. T. Gray, Colonel Ricks, Jane Doe classification Ofc. did not care when Plaintiff informed them that the PM Investigator failed to interview witnesses or other evidence, even though this violated rules, and policy designed to protect inmates.

"Wet up - is a term understood among prison officials and inmates to be stabbed multiple times for blood to wet up his clothing."

Def. T. Gray, Colonel Ricks and Jane Doe classification all acquiesce in the investigation, errors and violation of rules, policies and procedures designed to protect plaintiff and determine his need for protection.

At the conclusion of the hearing Def. T. Gray, Colonel Ricks, Jane Doe Classification Ofc. denied plaintiff need for protection and falsely stated that plaintiff's claims were unsubstantiated.

Def. T. Gray, Colonel Ricks refused to keep plaintiff in protective management and postpone the hearing and order the investigator to do a proper investigation and retrieve available evidence to substantiate plaintiff claims.

By information and belief Gulf C.I. and Florida D.O.C. has a widespread scheme and practice of conducting PM interviews in a perfunctory sham manner and arbitrarily denies inmates protective management.

On or about 12-22-21, Plaintiff, appealed the ICT and state classification office denial for protective management to the secretary Ricky Dixon representative Def. A. Cochran.

In Plaintiff appeal to the secretary plaintiff asserted in his appeal sufficient facts asserting constitutional violations and explained how Gulf C.I. did not follow the Department rules that were implemented to keep inmates safe.

Def. A. Cochran did not investigate plaintiff's grievance/appeal for protection nor did he take any other meaningful corrective action against Gulf C.I. Defendants to correct the constitutional violations.

By information and belief Def. A. Cochran did not follow FDOC rules and regulations, policies and procedures when reviewing plaintiff's appeal for

protection and instead intentionally turned a blind eye of constitutional violation.

Def. A. Cochran had the ability, duty and authority to investigate plaintiffs need for protection and enforce Gulf C.I. Defendants to conduct a proper investigation or order other actions to be taken to protect plaintiff.

Def. A. Cochran review and/or performance of plaintiff grievance/appeal for protection was nothing more than a perfunctory sham review.

On January 3rd, 2022 Gulf Correctional Institution received Def. A. Cochran (FDOC) Secretary Representative response denying plaintiff's appeal for protective management, consequently plaintiff was released the same day from confinement and returned to general population and housed in F-dorm wing two Rm. 109.

As a direct result of Defendant's A. Cochran and all defendant's described herein collective deliberate indifference to plaintiff's safety on January 6th, 2022 and actions/omission preceding January 6th plaintiff was stabbed leaving Gulf C.I. dining hall walking back to F-dorm while in a single file line.

At medical plaintiff received about 8 or 9 clear stitch strips to stop the bleeding and also had to receive a Tetanus shot to prevent having lockjaw and other health problems associated with being stabbed with rusted metal knives.

Plaintiff has been diagnosed with Post Traumatic Stress Disorder and receives therapy from the stabbing and has nightmares frequently and is unable to properly function in the general population and enjoy the limited freedom and

services that FDOC provides.

Def. S. Payne, T. Gray, Colonel Ricks had knowledge that the absence of video surveillance outside posed a substantital risk of serious harm prior to Januray 6th 2022 attack, Gulf C.I. is historically known for beating inmates, Gulf C.I. which is located in Wewhahitchka, Florida goes by the nickname "we will hit cha Florida", numerous use of force reports, inmate stabbing reports and hundreds of oral and formal written reports about physical assaults happening outside.

Def. S. Payne, T. Gray, Colonel Ricks maintained a unwritten policy and practice to have absolutely no camera's outside in the large portion of the compound in order to always side with his staff and find an inmates claim of being assaulted by staff unsubstantiated, this unwritten contributed to the 1-6-22 attack on plaintiff.

On or about 1-3-22 plaintiff seen Warden S. Payne in the cafe, Plaintiff informed the Warden that his life was at risk by prison gangs and explained why, and explained to the warden how the ICT interview was flawed, Def S. Payne responded to plaintiff stating "Welcome to Gulf C.I., we will hit cha Florida and I advised you get you a knife, and walked off.

Def. S. Payne, T. Gray, Colonel Ricks, Ricky Dixon is personally aware of the prevailing atmosphere of gang violence against neutron inmates in Florida, through routine reports, inmate oral and written complaints, family complaints, and

non profit organization advocating for Florida prisoners.

6.) In Florida dept of corrections inmate handbook N1-091 revised (N19118) page 20. under security threat groups section states in part; security threat groups are formal or informal inmate groups, gangs, or organizations, or associations consistency of three or more members who have;

A.) A common name or common identifying signs, colors, or symbols.

B.) Members or associations who individually or collectively engage in or have engaged in a pattern of gang activity, criminal activity, or department rule violations; or

C.) Potential  to act in concert to pose a threat or potential threat to the public, staff, visitors, other inmates or offenders, or the secure and orderly operations of a institution.

 "Security threat groups pose a threat to other inmates"

7.) FDOC employees have by pattern and history failed to act to remedy clear federal violations and totally disregarded their legal duties to provide adequate and reasonable measures of safety and due care for ***neutron*** inmates housed in general population in (FDOC) institutions.

All Defendant's and (FDOC) fails to

A.) Compel its employees to comply with state and federal law relating to inmate safety.

B.) Report truthfully the uncontrolled level of violent acts by gang affiliated inmates on neutron inmates.

C.) Enforce administrative rules and regulations involving the tour of duty and conduct of employees.

D.) Ensure employees assigned to work living quarters of inmates are disciplined for falsely reporting (that they have conducted searches of inmates, persons, cells, and common areas, and allowing inmates to enter dormitory's who are not assigned or housed in that specific dorm.

E.) (Properly act on) reported acts of violence and crimes by inmates neglecting them.

F.) Separate inmates by transferring those with validated enemies rather then keeping them in the same institution.

G.) Investigate adequately, properly, within the limited power to do so acts of violence.

H.) Ensure violent crimes committed by inmates are prosecuted in accordance with the penal laws of the state of Florida.

I.) Failure to enforce the policy or discipline (FDOC) for failing to notify the office of inspector general of violent crimes done by gangs which office is required under FL administrative code chapter 33-601.303 (3) to contact the State Attorney when the laws of the State have been violated, thus notifying gangs on

neutron violence.

J.) Fails to follow their own rules, regulations and procedures for keeping inmates safe from security threat groups and/or FDOC has failed to develop meaningful polices, procedures to keep neutron inmates safe from (Security Threat Groups).

K.) (FDOC) fails to not follow and/or enforce their subordinates to follow Florida administrative code policies and procedures governing protective management that FDOC implemented to provide safety for incarcerated inmates.

L.) (FDOC) covers up stabbings and other assaults by gangs perpetrated on neutron inmates and other inmates, by falsely writing the incident report as a fighting report rather than a stabbing or weapon assault report.

8.) Defendants, Ricky Dixon, S. Payne, Colonel Ricks, T. Gray encouraged and ratified inmate on inmate assaults including but not limited to the January 6th, 2022 stabbing that occurred on Plaintiff by ratifying a state wide unwritten policy and practice of FDOC employees not allowing inmates to be placed in protective management and by promoting FDOC employees at Gulf CI,. and other institutions who had a known history of being hard on "check in' and not allowing the inmates to receive protection.

*Check In's is (FDOC) historically known nickname for inmates who request protection from Gangs and Staff.*

9.) After Plaintiff was stabbed on January 6th, 2022 Plaintiff was not offered any psychological or medical treatment, despite plaintiff's need for psychological medical treatment being obvious and apparent given the serious trauma Plaintiff had just endured from being stabbed in the back of his head.

Plaintiff was not seen until 4 to 5 months after the 1-6-22 stabbing, by mental health.

Between April 2022 and November 2022 plaintiff submitted multiple request forms, A.D.A request form and grievances to FDOC seeking reasonable accommodations under the American With Disability Act. Plaintiff was diagnosed with PTSD as a proximate result of the 1-6-22 stabbing.

Leaving the dorm and going to the dining hall and other call-outs placed a substantial burden on plaintiff, plaintiff was required per Liberty rules, practices to enter a cage and be locked in the cage with hundreds of other gang affiliated inmates from multiple dorms, when returning from a call-out.

Plaintiff sought a reasonable accommodation to not have to enter the cage when leaving a call-out and to not have to stand in line when going to or from the chow hall or other call-outs.

Plaintiff also requested to be housed in the 50 and older dorm/va dorm 2 men cell, so he could meaningfully participate in FDOC services and activities, like watch TV, phone, Kiosk, plaintiff explained that his current housing is not

enabling him to meaningfully participate in FDOC services and activities due to his PTSD symptoms  and disability, where Plaintiff is always on edge, cannot concentrate or focus enough to use FDOC services and activities giving the heavy gang presence around him.

Plaintiff explained to FDOC that he also couldn't sleep in open bay dormitory and was requesting to be housed in the 50 and older dorm which is a two man cell, to enable him to sleep.

Centurion/FDOC refused to provide Plaintiff with the requested reasonable accommodations, FDOC/Centurion took no action to assist plaintiff in providing his requested reasonable accommodation, in which plaintiff was a qualified person under the A.D.A.

FDOC/Centurion failed to train it's employees and have effective policies in place as to who/what employee duty it is to provide the reasonable accommodation that Plaintiff requested.

FDOC advised plaintiff to go to medical, however Centurion medical advised plaintiff to go to mental health to receive the reasonable accommodation. At the end of the day plaintiff is still without his requested reasonable accommodations so he could have safe housing and attend other services and activities equally as other inmates.

In the month of August 2022 plaintiff seen Nurse Hodges at Liberty C.I. in

reference to his A.D.A. request. Nurse Hodges advised plaintiff that this is not a A.D.A. Camp and to leave her office.

Nurse Hodges sick call interview was a perfunctory sham interview designed under the disguise that she performed her duty, Nurse Hodges did not provide any medical treatment nor did she take any actions so Plaintiff would receive treatment.

## V.   STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section IV. If more than one Defendant is named, indicate which claim is presented against which Defendant.\

**COUNT I**
**FAILURE TO PROTECT THE U.S.C. 8TH AMENDMENT**

Plaintiff re-alleges and incorporates all the above preceding paragraphs, Defendants, S. Payne, Ricky Dixon, Colonel Ricks, A. Cochran, Jane Doe Inv., Jane Doe classification actions and/or omissions by itself and/or in the cumulative effect of FDOC policies, practices, unwritten policies, lack of policies violated Plaintiff's Eighth Amendment right under the U.S. Constitution to be free from deliberate indifference to his safety.

## COUNTS II
## STATE TORT
## NEGLIGENT FAILURE TO PROTECT

10.)    Defendants, Ricky Dixon, A. Cochran, S. Payne, T. Gray, Colonel Ricks, Jane Doe classifications OFC and Jane Doe protective management Inv. owed plaintiff a duty of reasonable care to protect him from assaults by other prisoners.

11.)    Defendant's breach of duty resulted in serious physical and emotional injury and damages.

12.)    The breach of duty proximately caused those damages.

## COUNTS III
## VIOLATIONS OF THE ADA AND REHABILITATION ACT (FDOC)

13.)    Plaintiff re-alleges the Common Allegations as if fully set forth herein.

14.)    Plaintiff is entitled to relief against (FDOC) for violating Title II of the Americans with Disabilities Act, by failing to provide his requested reasonable accommodation for safe housing etc. FDOC and Centurion violated the American with Disabilities Act.

## COUNTS IV
## EIGHTH AMENDMENT MEDICAL VIOLATION

131.)    Plaintiff reasserts and incorporates herein by reference all paragraphs

1-121 preceding the claims for relief section, above.

132.)    Centurion and other Defendants listed herein in this complaint action's

and/or omissions, policies, practices, customs, lack of policies, unwritten

policies and practices violated plaintiff Eight Amendment right under the

U.S. Constitution to have reasonable psychological medical care and to

receive psychological medical care in a reasonable time.

## VI.   RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases/statutes. If requesting money damages (*either actual or punitive damages*), include the amount sought and explain the basis for the claims.

133.)    WHEREFORE, plaintiff request that this court grant the following relief: A. Declare that Defendant's A. Cochran, S. Payne, T. Gray, Ricks, Jane Doe violated plaintiff Eighth Amendment rights and other rights when they failed to protect him from a known risk of physical harm.

134.)    B. Issue an injunction requiring that defendants separate plaintiff from gang affiliated inmates and to protect plaintiff from physical assaults by inmates.

135.)    C. Award compensatory damages and punitive damages for plaintiffs physical and emotional injuries against each defendant.

136.)    D. Jury trial on all triable issues

137.)    E. Grant plaintiff such other relief as it may appear plaintiff is entitled to.

138.)    F. Issue on preliminary injunction and temporary order requiring Defendants to separate plaintiff from gang members and to house him at a protective management institution.

## VII.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

The Prison Litigation Reform Act ("PLRA") requires prisoners to exhaust all available administrative remedies *(grievance procedures)* before bringing a case. 42 U.S.C. § 1997e(a). **ATTENTION:** *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.* If the case is dismissed for failure to exhaust or for any reason, you will still be required to pay the full filing fee and the dismissal may count as a "strike" under 28 U.S.C. § 1915(g). Therefore, please consider whether you have fully exhausted your remedies before proceeding with this action.

## VIII.  PRIOR LITIGATION

*This section requires you to identify your prior litigation history. Be advised that failure to disclose all prior state and federal case—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case. You should err on the side of caution if you are uncertain whether a case should be identified.*

**ATTENTION:** *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is*

*frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).*

A.    Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

[ ] Yes [X] No - Not to the best of my knowledge/understanding.

B.    Have you filed other lawsuits or appeals in *state or federal court* dealing with the same facts or issue involved in this case?

[ ] Yes [X] No

C.    Have you filed any other lawsuit, habeas corpus petition, or appeal in *state or federal court* either challenging your conviction or relating to the  conditions  of your confinement?

[X] Yes        [ ] No

If "Yes," identify all lawsuits, petitions and appeals:

1. Case #: <u>5D19-3763</u> Parties: <u>Derease Irons v. State of Florida</u>

   Court: <u>5th District Court of Appeals</u> Judge: <u>Wellis, Traver, Nardella</u>

   Date Filed: <u>12-26-22</u> Dismissal Date *(if not pending)*: <u>3-15-22</u>

   Reason: <u>Per Curiam Affirmed</u>

2. Case #: <u>dont Remember</u> Parties: <u>Derease L. Irons v. Mark Flowers, R. Williams</u>

   Court: <u>U.S. Mid Dist of Fl</u> Judge: <u>dont Remember</u>

   Date Filed: <u>2018-2019</u> Dismissal Date *(if not pending)*: <u>2019</u>

   Reason: <u>1st Amendment Religious diet 1983 Suit.</u>

3. Case #: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

## IX.   CERTIFICATION

1. I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct.

/s/ *Derease L Irons*

Derease L. Irons, DC# V35327

2. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complain:(1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

3. I understand it is my obligation to timely notify the Clerk's Office if there is any change to my mailing address and that my failure to do so may result in a dismissal of the action.

Date: __12/28/22__   Plaintiff's Signature: _Derease Irons_

Printed Name of Plaintiff: Derease L. Irons

Correctional Institution: Liberty Correctional Institution

Address: 11064 N.W. Dempsey Barron Rd., Bristol, Florida 32321

**I certify and declare, under penalty of perjury, that this complaint was *(check one)* [X] delivered to prison officials for mailing or [ ] depositioned in the prison's mail system for mailing on the _28th_ day of December, 2022.**

Signature of Incarcerated Plaintiff: _Derease Irons_



US POST

ZIP 32321
02 4N
00003753

Mailed from
Liberty Correctional institution

Derease L. Irons
DC# V35327
Liberty Correctional Institution
11064 NW Dempsey Barron Rd
Bristol FL 33321

U.S. District Court
1 North Palafox Street
Pensacola, FL 32502

JAN 0 2 2023

Legal and/or Privileged Mail
Mailed From
Liberty Correctional Institution

