UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEREASE L. IRONS,

    Plaintiff,

v.                                                                 Case No. 5:22-cv-113-TKW/MJF

RICKY DIXON, *et al.*,

    Defendants.
_____/

**REPORT AND RECOMMENDATION**

Upon review of Plaintiff Derease L. Irons's second amended complaint, the undersigned recommends that this action be dismissed as malicious, under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for Irons's abuse of the judicial process in failing to disclose completely and honestly his litigation history, and dismissed for Irons's failure to comply with court orders.

**I. BACKGROUND**

Irons is an inmate of the Florida Department of Corrections ("FDC"). On June 8, 2022, Irons initiated this civil-rights action. Doc. 1. On June 10, 2022, because Irons did not use the court-approved complaint form as required by the Local Rules of the United States District Court for the Northern District of Florida, the undersigned ordered Plaintiff to file a notice of voluntary dismissal or a first amended complaint on the court-approved form. Doc. 5. The undersigned also

advised Irons that his failure to comply with the order likely would result in dismissal of this action.

On September 15, 2022, after the undersigned granted Irons two extensions of the deadline to comply with the undersigned's order of June 10, 2022, Irons filed a first amended complaint. Doc. 11. Irons again failed to use the court-approved complaint form. Irons also equivocated when responding to questions regarding his prior litigation. When asked if he had had any case in federal court dismissed as frivolous, as malicious, for failure to state a claim, or prior to service, Plaintiff responded "No – Not to the best of my knowledge/understanding." *Id.* at 41.

On October 26, 2022, the undersigned ordered Irons to file a notice of voluntary dismissal or a second amended complaint on the court-approved complaint form. Doc. 16. The undersigned also ordered Irons to "**set forth his entire litigation history**." *Id.* at 5 (emphasis in original). The undersigned advised that if Irons did not have sufficient records of the cases he has filed, Irons must contact the relevant court(s) to determine those cases, so that he could make a full, complete, and honest accounting of them. *Id.* The undersigned also advised Irons that he should retain a copy of the inquiry letter—and any responses he received—as evidence that he made a reasonable, good-faith effort to discover and disclose his litigation history. The undersigned again warned Irons that his failure to comply with the order likely would result in dismissal of this action.

On December 5, 2022, Irons filed a motion to extend the deadline to comply with the undersigned's order of October 26, 2022. Doc. 22. Irons indicated that the extension of the deadline was necessary because Irons had contacted "different courts . . . about previous case numbers," and those "courts" had not yet responded. Doc. 22 at 1. On December 8, 2022, the undersigned granted Irons a 30-day extension. Doc. 24. The undersigned again warned Irons that his failure to comply with the undersigned's order likely would result in dismissal of this action.

On January 3, 2023, Irons filed a second amended complaint. Doc. 25. For a third time, Irons failed to use the court-approved complaint form. Additionally, despite the instructions in the undersigned's October 26, 2022 order and the 30-day extension of the deadline to comply with that order, Irons again equivocated when responding to questions regarding his prior litigation. When asked if he had had any case in federal court dismissed as frivolous, as malicious, for failure to state a claim, or prior to service, Plaintiff responded "No – Not to the best of my knowledge/understanding." Doc. 25 at 23.

## II. Discussion

**A.  Irons's Complaint Should Be Dismissed As Malicious**

  1.  *Screening of Irons's Complaint*

The Prison Litigation Reform Act of 1995 ("PLRA"), Pub. L. No. 104-134, 110 Stat. 1321 (1996), was enacted in "an effort to stem the flood of prisoner lawsuits

in federal court." *Harris v. Garner*, 216 F.3d 970, 972 (11th Cir. 2000) (en banc); *see Procup v. Strickland*, 792 F.2d 1069, 1071 (11th Cir. 1986) (per curiam) ("Recent years have witnessed an explosion of prisoner litigation in the federal courts."). Under the PLRA, a federal court is required to screen a prisoner complaint to determine whether the action is frivolous, is malicious, or fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b)(1); *see id.* § 1915(e)(2)(B)(i) (same standard for *in forma pauperis* proceedings).

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). When a complaint form requires a plaintiff to list his litigation history, and the plaintiff's statements are made under penalty of perjury, a plaintiff's affirmative misrepresentation regarding his litigation history constitutes abuse of the judicial process warranting dismissal of the case as "malicious" under section 1915A(b)(1). *Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) ("A plaintiff's bad-faith litigiousness or manipulative tactics, which include lying about one's litigation history, warrant dismissal under § 1915."); *Sears v. Haas*, 509 F. App'x 935, 935–36 (11th Cir. 2013) (holding that dismissal of a prisoner-plaintiff's case for abuse of the judicial process under section 1915A(b)(1) was warranted where the prisoner failed to disclose cases he previously filed); *Harris v. Warden*, 498 F. App'x 962, 964–65 (11th Cir. 2012) (same);

*Jackson v. Fla. Dep't of Corr.*, 491 F. App'x 129, 132–33 (11th Cir. 2012) (same); *Rivera v. Allin*, 144 F.3d 719, 731 (11th Cir. 1998).

### 2. *Irons's Disclosures*

Section VIII of the court-approved complaint form seeks information regarding a prisoner-plaintiff's prior litigation. Doc. 25 at 22–23. The form states, "***Be advised that failure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***" *Id.* at 22. Question A under Section VIII asks, "Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service." *Id.* at 23. Irons answered, "No – Not to the best of my knowledge/understanding." *Id.* At the end of his complaint, Irons signed his name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with this form, including my litigation history, is true and correct." *Id.* at 25.

### 3. *Irons's Omissions*

The undersigned takes judicial notice that, when Irons filed his second amended complaint, he failed to disclose at least two cases that had been dismissed for the reasons listed under 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1):

- *Irons v. Cnty. of Volusia*, No. 6:16-cv-2129, Order, ECF 6 (M.D. Fla. Dec. 15, 2016) (dismissing Irons's complaint *sua sponte* for failure to state a plausible claim for relief); and

- *Irons v. Williams*, No. 6:18-cv-778-CEM-DCI, Order, ECF 41 (M.D. Fla. Jan. 16, 2019) (granting the defendants' motion to dismiss because Irons failed to state a plausible claim for relief)

These cases qualify as "strikes" under 28 U.S.C. § 1915(g) and are attributable to Irons insofar as they bear his name and his county of conviction: Volusia County, Florida. Because he failed to disclose these cases in his second amended complaint, Irons violated his duty of candor to the District Court.

### 4. *Materiality of Irons's Omissions*

Courts have recognized that information regarding a plaintiff's litigation history is useful to the court:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation").

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup*, 792 F.2d at 1073; *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts are well within their discretion to require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253, 1262 (11th Cir. 2014). Additionally, because prisoner-plaintiffs generally proceed *pro se*, the information helps the court determine their litigation experience and familiarity with the legal terrain.

The time spent verifying the cases a plaintiff has filed but failed to identify can be considerable. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Irons falsely responded to Question A under Section VIII of the complaint form. He knew from reading Section VIII that he was required to disclose all prior cases in federal court that had been dismissed for failure to state a claim. Doc. 25 at 23. Section VIII expressly warns prisoners: "***Be advised that failure to disclose all***

Page 7 of 13

***prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.*** " *Id.* at 22. There is no excuse for Irons's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

To account for the possibility that Irons's might not remember fully his litigation history, the undersigned advised Irons that Irons must contact the relevant court(s), so that he can make a full, complete, and honest accounting of those cases. Doc. 16 at 5. The undersigned even granted Irons's a 30-day extension of the deadline in order to do so. Doc. 24. Irons evidently failed to contact any court because he again failed to disclose any cases in response to Question A. Irons also did not provide any response from a court as evidence that he made a reasonable, good-effort to discover and disclose his litigation history, as the undersigned advised him to do so. Doc. 16 at 5.

Accordingly, a penalty is warranted both to deter Irons from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints

in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

### 5. *The Appropriate Sanction is Dismissal Without Prejudice*

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears*, 509 F. App'x at 936. The court should not allow Irons's false responses to go unpunished. An appropriate sanction for Irons's abuse of the judicial process in not providing the court with true factual statements or responses is to dismiss this case without prejudice.[1] *See Rivera*, 144 F.3d at 731; *see also, e.g.*, *Reynolds v. Lowery*, No. 18-10856-F, 2018 WL 4206932, *1 (11th Cir. Aug. 8, 2018) (holding that "the district court did not abuse its discretion in dismissing" the prisoner-plaintiff's "complaint as malicious, based on his failure to accurately disclose his prior litigation history"); *Schmidt v. Navarro*, 576 F. App'x 897, 899 (11th Cir. 2014) (same).

---

[1] Courts must consider whether a dismissal without prejudice would effectively be with prejudice because of the statute of limitations. *Stephenson v. Warden*, 554 F. App'x 835, 838 (11th Cir. 2014). The statute of limitations for claims under section 1983 brought in Florida is four years. *City of Hialeah v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The statute of limitations for claims under the Americans with Disabilities Act and Rehabilitation Act also is four years. *Silva v. Baptist Health S. Fla., Inc.*, 856 F.3d 824, 841 (11th Cir. 2017). The earliest alleged misconduct on which Irons bases his claims occurred in November 2021, so the statute of limitations likely would not bar Irons from refiling this action in the near future.

No lesser sanction would suffice to deter this type of conduct. For example, providing Irons an opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006). Insofar as Irons already is incarcerated, a mere admonition or a finding of contempt would not deter Irons or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Irons and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam) (noting that a plaintiff's misrepresentation about previous lawsuits may violate Rule 11).

For these reasons alone, the District Court should dismiss this action.

**B.** **Irons's Complaint Should Be Dismissed for Failure to Comply with Court Orders**

The District Court should dismiss this action for a second, related reason: Irons has failed to comply with multiple court orders.

"A federal court has at its disposal an array of means to enforce its orders, including dismissal in an appropriate case." *Degen v. United States*, 517 U.S. 820, 827 (1996); *e.g.*, N.D. Fla. Loc. R. 41.1 (authorizing the court to dismiss a claim when a party fails to comply with an applicable rule or court order). "Federal courts possess an inherent power to dismiss a complaint for failure to comply with a court

order." *Foudy v. Indian River Cnty. Sheriff's Off.*, 845 F.3d 1117, 1126 (11th Cir. 2017); *Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc.*, 556 F.3d 1232, 1240 (11th Cir. 2009) ("The court may dismiss a claim if the plaintiff fails to prosecute it or comply with a court order."); *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–31 (1962) (noting a court's inherent power to dismiss an action is not precluded by Fed. R. Civ. P. 41(b)).

Courts need not wait for a motion to dismiss. Rather, they may *sua sponte* dismiss cases for failure to comply with court orders and for failure to prosecute an action. *Costello v. United States*, 365 U.S. 265, 286–87 (1961) (noting that a district court may *sua sponte* dismiss a complaint for a plaintiff's failure to comply with a court order); *Snider v. Melindez*, 199 F.3d 108, 112 (2d Cir. 1999).

On three occasions, the undersigned ordered that if Irons elected to file an amended complaint, Irons must file his amended complaint on the court-approved complaint form as required by the Local Rules. Doc. 5 at 2–3; Doc. 16 at 3–4; Doc. 24 at 8. The undersigned also ordered Irons to set forth his entire litigation history and contact the relevant court(s) if Irons lacked sufficient records to do so. Doc. 16 at 5. Despite having almost *seven months* to comply with these orders and two opportunities to amend his complaint, Irons has not complied with the above orders. For this reason, too, the District Court should dismiss this action.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1.   **DISMISS** this case without prejudice, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1), for maliciousness and abuse of the judicial process.

2.   **DISMISS** this case without prejudice for failure to comply with court orders.

3.   **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this 5th day of January, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-**

**to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**