UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

DEREASE L. IRONS,

    Plaintiff,

v.                                                                 Case No. 5:22-cv-113-TKW/MJF

RICKY DIXON, et al.,

    Defendants.
_____/

# ORDER

This case is before the Court based on the magistrate judge's Report and Recommendation (Doc. 26) and Plaintiff's objection (Doc. 33). The Court reviewed the issues raised in the objection de novo as required by 28 U.S.C. §636(b)(1) and Fed. R. Civ. P. 72(b)(3), and based on that review, the Court agrees with the magistrate judge's determination that this case should be dismissed based on Plaintiff's failure to disclose his litigation history.[1]

The Court did not overlook Plaintiff's explanation that he provided a handwritten copy of his second amended complaint containing his complete litigation history to an inmate typist but the typist failed to transfer that information onto the form when he typed it. However, even if that is true, it does not relieve

---

[1] Based on this conclusion, the Court need not consider whether the case should also be dismissed based on Plaintiff's failure to comply with court orders.

Plaintiff of the responsibility for the consequences of the misstatement of his litigation history because, by signing the complaint form, Plaintiff certified under oath that "all of the information stated above and included on or with this form, <u>including my litigation history</u>, is true and correct." Doc. 25 at 25 (emphasis added). Moreover, whatever happened with the second amended complaint does not explain why Plaintiff also falsely certified his litigation history in the amended complaint, *see* Doc. 11 at 41, which the inmate typist then allegedly copied into the second amended complaint.

The Court also did not overlook Plaintiff's "Motion for Clarification and Leave to File an Amended Complaint" (Doc. 34) in which Plaintiff seeks leave to file a third amended complaint and "ensures this court that … [the] third amended complaint will accurately disclose his litigation history." However, the Court sees no reason to allow Plaintiff to file a third amended complaint because he failed to accurately disclose his litigation history three times (in the original complaint, in the amended complaint, and in the second amended complaint) and "allow[ing] [him] to then acknowledge what he should have disclosed earlier would serve to overlook his abuse of the judicial process." *Hood v. Tompkins*, 197 F. App'x 818, 819 (11th Cir. 2006); *see also Wromas v. Cromartie*, 2022 WL 1450704, at *1 (N.D. Fla. May 9, 2022) (citing multiple cases for the proposition that "[t]he Court cannot simply allow [the prisoner] to file an amended complaint listing the omitted case because

that would not be an adequate sanction or deterrent."); *Merritt v. Dep't of Corr.*, 2020 WL 6703794, at *1 (N.D. Fla. Nov. 13, 2020) ("[A]llowing Plaintiff to amend his complaint at this point would amount to no penalty for his inexcusable failure to disclose his litigation history and would not serve as a deterrent to Plaintiff and others from falsely answering the questions on the civil rights complaint form."); *Easley v. Inch*, 2019 WL 3774617, at *2 n.2 (N.D. Fla. Aug. 12, 2019) (noting that "it would make a mockery of the judicial process if a plaintiff was allowed to wait until after the magistrate ruled to fully disclose his or her litigation history").

Accordingly, it is **ORDERED** that:

1. The magistrate judge's Report and Recommendation is adopted and incorporated by reference in this Order.

2. Plaintiff's "Motion for Clarification and Leave to File an Amended Complaint" (Doc. 34) is **DENIED**.

3. This case is **DISMISSED without prejudice** under 28 U.S.C. §§1915(e)(2)(B)(i) and 1915A(b)(1) for maliciousness and abuse of the judicial process.

4. The Clerk shall enter judgment in accordance with this Order and close the case file.

**DONE and ORDERED** this 27th day of February, 2023.

_____
**T. KENT WETHERELL, II
UNITED STATES DISTRICT JUDGE**